LLOYD *vs.* BREWSTER and others.

A vice chancellor in the taxation of costs acts merely in his ministerial capacity as a taxing officer of the court; and an application to the chancellor to review his decision as such taxing officer under the 129th rule of this court, is not an appeal from an order of a vice chancellor, or from a proceeding in the nature of an order; it may therefore be made after the time allowed by law for bringing an appeal.

The order of the chancellor, upon an application for retaxation of costs in a cause pending before a vice chancellor, may, when necessary, be transmitted to, and entered with the clerk of such vice chancellor.

The last clause of the 130th rule does not give the taxing officer an absolute and uncontrollable discretion in the taxation of costs; and if he comes to an erroneous conclusion as to the necessity or propriety of putting in separate answers, &c. his decision may be reviewed by the court, upon an application for a retaxation.

Where an order for further time to answer, under the 125th rule, is obtained as a matter of necessity, and not for the accommodation or convenience of

1835.

Lloyd
v.
Brewster.

the defendant or his solicitor, the expense of obtaining such order is taxable, as against the adverse party.

If different defendants appear by the same solicitor, and there are no conflicting rights or disputed facts between them to render separate answers necessary, the solicitor will only be allowed on taxation for one answer.

Where the answers of several defendants refer to the same schedules, only one engrossment of the schedule is necessary, if the defendants appear by the same solicitor; and only one copy for the defendant's solicitor, and one copy for the complainant, should be allowed on taxation.

If the party applying for a retaxation of costs succeeds only as to part of the objections contained in the papers on which his appliction is founded, neither party will be entitled to costs on the motion.

March 3.    THIS was an application for the retaxation of the defendants' costs, which had been taxed by the vice chancellor before whom the suit was brought.    The notice of the motion for a retaxation was not given within fifteen days after the taxation took place.    But the complainant's solicitor, within that time, gave a written notice that his client did not intend to submit to the decision of the taxing officer, and requested a copy of the bill, as taxed, for the purpose of moving for a retaxation thereof; which copy was subsequently received. All of the defendants appeared by the same solicitor, and each put in a separate answer, with a long schedule annexed to the same ; which answers were all put in at the same time. It appeared, however, that one of the defendants was in New-Orleans at the time of the service of the bill, and that his separate answer was made out and forwarded to him at that place ; but that he returned to this state before the answer reached its place of destination.    The vice chancellor allowed for the separate answers, and for engrossing and copies of the schedule annexed to each, and also for the expenses of the order for time to answer ; as to which items the complainant appealed from the taxation.

*J. Rhoades,* for the complainant.

*M. T. Reynolds,* for the defendants.

THE CHANCELLOR.    The objection is not well taken that the application for a retaxation of costs which have been taxed by a vice chancellor, upon hearing of the parties, un-

der the last clause of the 129th rule, is an appeal, which must be made within fifteen days after the taxation. The appeals, which by statute are required to be brought within fifteen days, are appeals from interlocutory and other orders made by a vice chancellor. (2 *R. S.* 178, § 59.) But an application for the retaxation of a bill of costs is not an appeal from an order, or a proceeding in the nature of an order. The vice chancellor, in the taxation of costs, is not to be considered as holding the court of chancery, in his character of a judge thereof; but he is acting merely in his ministerial capacity, as a taxing officer of the court. And the application directly to the chancellor for a retaxation, in the cases provided for in the last clause of the 129th rule, was given to prevent the manifest impropriety of calling upon one vice chancellor to review a decision of another, which decision had been made upon a hearing of the parties, or to reverse his own decision when thus deliberately made. As this was a mere question of practice not provided for by any statute, it was, in the establishment of the rules of January, 1830, supposed to come within the powers conferred upon the chancellor, by the forty-sixth section of the title of the revised statutes, relative to the court of chancery. (2 *R. S.* 175.) And the order upon such application for a retaxation, when necessary, may be transmitted to, and entered with the clerk of the vice chancellor before whom the cause is pending. The notice of this motion was given immediately after the receipt of a copy of the bill as taxed. The defendants cannot, therefore, complain of any unreasonable delay. The 130th rule is strictly in accordance with the provisions of the fifth section of the title of the revised statutes relative to the taxation of costs. (2 *R. S.* 652.) And it was adopted in conformity to a positive direction of the legislature, contained in a previous part of the revised statutes; by which it is made the duty of the chancellor to revise the rules of this court periodically, with a view, among other things, to improve the practice, by the diminution of unnecessary costs. The position assumed by the defendants' counsel, that the last

1835.

Lloyd
v.
Brewster.

clause of the rule gives to the taxing officer an absolute and uncontrollable discretion, is therefore wholly untenable. And if the taxing officer comes to an erroneous conclusion, as to the necessity or propriety of putting in separate answers, &c. his decision may be reviewed by the court, upon an application for a retaxation.

The rules of the court have limited the time for answering, to forty days, in ordinary cases. But as it was foreseen that in many cases a longer time would necessarily be required, especially where the defendant was absent from the state at the time of the service of the bill upon his solicitor, the 125th rule allows one order for further time, as a matter of right, upon sufficient cause shown to a vice chancellor or injunction master. In such cases, if there is a necessity for further time to answer, and the same is not granted for the mere accommodation or convenience of the defendant, or his solicitor, the necessary expense of obtaining the chamber order may be taxed against the adverse party. In this case, the absence of one of the defendants, in New-Orleans, rendered an extension of the time for putting in his answer a matter of necessity. Those charges were therefore properly allowed, on taxation.

For the same reason, it was proper to prepare a separate answer and schedule to be transmitted to Brown, and verefied by his oath, at that place. And his subsequent return, before the answer reached him, afforded no sufficient reason for changing the answers which had already been prepared. His separate answer must therefore be allowed. The other two defendants, however, ought to have put in a joint and several answer ; as there was no disputed fact between them, nor any conflict of rights which could make it necessary or proper for them to put in separate answers.(a) The schedules annexed to the answers appear to have been proper, considering the nature of the allegations and interrogatories contained in the complainant's bill. And as the answer of Brown

(a) See *Nicholson* v. *Falkiner*, 1 *Moll. Rep.* 555, as to costs of separate answers of trustees.

was drawn upon the supposition that it was to be sent to New-Orleans and sworn to there, it could not be made to refer to the schedules annexed to the answer of the defendants, which was to be sworn to in New-York, and which could not have been seen by Brown. This made it necessary to have a separate engrossment of the schedules to be annexed to and filed with Brown's answer. Two engrossments of the schedules are therefore to be allowed. But only one copy of the schedules was necessary for the complainant's solicitor. To the copy of the other answers served, it would have been sufficient that a memorandum should have been added, stating that the schedules annexed to the sworn answer on file were copies of those annexed to the first answer served. And one copy was all that could have been necessary for the solicitor of the three defendants to retain. All the unnecessary copies of the schedules should therefore have been disallowed by the taxing officer, in conformity to the directions of the statute, and the rule of the court on this subject.

The costs must be retaxed upon these principles, upon the application of either party to the vice chancellor. And the amount which has been overpaid must be refunded, agreeably to the stipulation of the defendant's solicitor. As the complainant succeeds in his application, only in part, neither party is to have costs on the motion for a retaxation.